**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **MARISA JEAN MINDEL-STANSBERRY** | **CASE NO. 05-62179** |
| **DEBTOR** | |
| | |
| **JAMES R. WESTENHOEFER, TRUSTEE** | **PLAINTIFF** |
| **VS.** | **ADVERSARY NO. 05-6096** |
| **INFINITI FINANCIAL SERVICES,**<br>a/k/a Nissan Motor Acceptance Corporation<br>**MARISA JEAN MINDEL-STANSBERRY** | **DEFENDANTS** |

**MEMORANDUM OPINION**

This matter comes before the court on the Defendant Infiniti Financial Services' ("Infiniti") motion to set aside the default judgment (Doc. 14) entered against it on December 27, 2005. In support of its motion, Infiniti initially stated that due to recovery from hip surgery, its legal counsel had sought additional time to file an answer, albeit after the time for responsive pleading had expired, but was unable to reach the Plaintiff's attorney to obtain his agreement. Ultimately, Infiniti's basis for relief from the default judgment was that the Plaintiff never effected proper service of process on Infiniti's process agent. The Plaintiff, James R. Westenhoefer, Trustee, objected to the Defendant's motion (Doc. 16), stating that service of process was correctly and timely executed upon the entity listed as the Defendant's agent for service of process in the records of the Kentucky Secretary of State.

The court has reviewed Infiniti's motion, the Trustee's objection to same, and various other responses and affidavits (Docs. 19, 20, 21, 28, 29, 30) provided by the parties in an effort to establish whether and when proper service occurred in this matter. Upon review, the court concludes that the Trustee's obligations under BR 7004 were fulfilled and that proper service was effected. Furthermore, the court finds that Infiniti has failed to establish the required excusable neglect necessary to set aside the default judgment and, for those reasons, the court concludes that Infiniti's motion must be overruled. The events leading to the subject motion are set forth below.

The Plaintiff was appointed as the Trustee of the bankruptcy estate of the Debtor Marisa Jean Mindel-Stansberry on October 16, 2005. Trustee initiated this Adversary Proceeding on November 15, 2005, seeking to avoid the security interest of Infiniti Financial Services, also known as Nissan Motor Acceptance Corporation, in a 2005 Infiniti G35 and to sell the vehicle for the benefit of the bankruptcy estate. The complaint set forth the name of Infiniti's registered agent for service of process as listed in the records of the Kentucky Secretary of State, same being Lexis-Nexis Document Solutions, Inc., ("Lexis-Nexis") 421 W. Main Street, Frankfort, Kentucky 40601. Similarly, the Affidavit of Service (Doc. 4) filed of record reveals that the summons and complaint were served by certified mail on November 22, 2005 by mailing same to a Managing Officer or General Agent of Infiniti Financial Services, under assumed name of Nissan Motor Acceptance Corporation, 990 W. 190th Street, Torrance, California 90502 and to the properly designated Registered Agent at the address set forth above. The summons provided that a responsive pleading was due on or before December 21, 2005.

When no answer or other responsive pleading was filed, the Trustee moved for default judgment (Doc. 8) on December 22, 2005 and a default judgment was entered on December 27, 2005 (Doc. 11).  Counsel for Infiniti telephoned Trustee on December 27, 2005, which message Trustee stated he did not receive until December 28, 2005, the day after entry of default judgment.  Trustee said he did not return Defendant's counsel's call as the default had already been entered by that time.  Regardless, the record shows that no motion or other responsive pleading was filed on behalf of Infiniti until January 4, 2006, at which time Infiniti's answer (Doc. 13) was filed, despite Infiniti's knowledge that an answer or pleading was already overdue.  On January 6, 2006, Infiniti filed this motion to set aside the default judgment.

The motion was brought before the court for a hearing on January 19, 2006, at which time Infiniti's counsel was directed to file a detailed affidavit signed by the appropriate representative of Infiniti explaining its delay in delivering the complaint to counsel.  The motion stated that counsel did not receive the referral from Infiniti until December 19, 2006, just two days before the time was to expire to file an answer. Pursuant to the court's order, Infiniti submitted an affidavit of Sherry Lampkin, a Senior Replevin Specialist with Infiniti.  The affidavit, however, did not serve to clarify the chain of events, as the affiant Lampkin averred that the only notice received by Infiniti came from its process agent, "Corporation Service Company on the 28th day of December, 2005," nine (9) days after the date Infiniti's counsel stated that he received the referral from Infiniti.  Moreover, Corporation Service Company is not the entity designated as Infiniti's registered agent by the Kentucky Secretary of State's records nor by Infiniti's own legal counsel, who vehemently argues that the wrong process agent was served.

In an effort to clear up the record so that an appropriate determination of the matter could take place, the court ordered the parties to supplement the record with an affidavit of Linda A. Smith, the individual whose signature appears on the certified mail receipt, setting forth her employer, any relationship Linda Smith has with Lexis-Nexis or Corporation Service Company, aka CSC-Lawyers Incorporating Service Company ("CSC"), and a description of how Linda Smith came to be served with the adversary complaint against Infiniti, among other information. In the event Linda Smith was unable to provide the requested verified information, Infiniti was directed by the order to obtain the information from its registered agent, Lexis-Nexis, through a qualified representative of the company.

For reasons not provided to the court, the Trustee followed with a motion asking the court to direct CSC to provide an affidavit of its employee Paul Matthews, position unknown. The court entered the requested order and the Trustee submitted the subject affidavit in which Matthews stated that Lexis-Nexis and CSC are affiliated companies that share a registered office address (the office located at 421 West Main Street, Frankfort) and follow the same procedures for the receipt and forwarding of service of process. Linda Smith is an employee of Stites & Harbison, PLLC, which also has an address of 421 West Main Street, Frankfort, Kentucky, and which is a Kentucky law firm retained by CSC to act as the registered agent and registered office of CSC and its affiliated companies, including, presumably, Lexis-Nexis.

Matthews further stated that CSC's records show that it was served with a summons and complaint on November 23, 2005 for Infiniti Financial Services aka Nissan Motor Acceptance Corporation in the present Adversary Proceeding. On the

same date, CSC prepared a "Notice of Service of Process" and shipped it with a copy of the served documents via Federal Express to Kathleen Foster Sr., Nissan Motor Acceptance Corporation, 8900 Freeport Parkway, Tax Operations SW2078, Irving, Texas 75063-2438.  At this point, the record is devoid of evidence as to what caused the delay between Infiniti's receipt of the summons and complaint from its process agent and Infiniti's referral of the matter to its legal counsel, who stated that he received the matter from Infiniti merely two days prior to the due date of the answer.  Despite the court's request for an affidavit of explanation, nothing was submitted, beyond the sworn statement that Infiniti received no notice of the action until the default judgment was sent to it, a statement controverted by its legal counsel's receipt of the legal matter some nine days prior.

Infiniti correctly cites Rule 60(b) of the Federal Rules of Civil Procedure as the basis upon which the court may set aside a default judgment. See Fed. R. Bankr. P. 7055, making applicable Fed. R. Civ. P. 55(c) in adversary proceedings.  Rule 60(b) places the burden of proof on the movant: "A party seeking relief from judgment under Rule 60(b) must show that its case comes within the provisions of the rule." **Lewis v. Alexander,** 987 F.2d 392, 396 (6th Cir. 1993)(citations omitted).  Rule 60(b) permits a court to relieve a party or a party's legal representative from a final judgment in cases of mistake, inadvertence, surprise, or excusable neglect.  Since the facts do not support a finding of mistake, inadvertence or surprise, the court considers whether the failure to answer constitutes excusable neglect.  Whether a party's neglect is "excusable" is essentially equitable in nature, "taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the

length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." **Pioneer Inv. Servs. Co. V. Brunswick Assocs. Ltd. P'ship,** 507 U.S. 380, 395 (1993).

In this bankruptcy court (see **Masterton v. Empire Funding Corp., et al.**, Adversary Proceeding No. 04-5465, U.S. Bankruptcy Court, Eastern District of Kentucky (2004); **Gardner v. CIT Group/Consumer Finance, Inc.,** Adversary Proceeding No. 06-3001, U.S. Bankruptcy Court, Eastern District of Kentucky (2006)), and in the Sixth Circuit, the determination of whether relief should be granted from an order or judgment under Rule 60(b) depends on "(1) Whether culpable conduct of the defendant led to the default, (2) Whether the defendant has a meritorious defense, and (3) Whether the plaintiff will be prejudiced." **Waiferson, Ltd. V. Classic Music Vending,** 976 F.2d 290, 292 (6th Cir. 1992)(citation omitted). The factors are not to be weighed: "It is only when the [movant] can carry this burden [of demonstrating that the order was the result of excusable neglect] that he will be permitted to demonstrate that he can also satisfy the other two factors: the existence of a meritorious defense and the absence of a substantial prejudice to the plaintiff should relief be granted." **Id.**

In its most recent filing, Response to Affidavits of Paul Matthews and Trustee (Doc. 30), Infiniti maintains that the Trustee failed to obtain proper service of process. The Federal Rules of Bankruptcy Procedure authorize service of process via United States mail, first class, postage prepaid, "[u]pon a domestic or foreign corporation...by mailing a copy of the summons and complaint...to any...agent authorized by appointment...to receive service of process [,]" Fed. R. Bankr. P. 7004(b)(3), and

"[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). Additionally, '[t]here is a presumption that an addressee receives a properly mailed item when the sender presents proof that the item was properly addressed, stamped, and sent through the United States mail." ***In re Patterson,*** 330 B.R. 631, 637 (Bankr. E.D.Tenn. 2005)(citations omitted). Testimony of non-receipt may rebut this presumption. ***Id., Bratton v. Yoder Co. (In re Yoder),*** 758 F2d. 1114, 1118 (6th Cir. 1985).

      Infiniti's arguments notwithstanding, nothing filed of record herein rebuts the presumption that Infiniti was properly served with process. The Trustee has sufficiently established that he mailed the correctly addressed summons and complaint to Infiniti's registered agent for service of process. Likewise*,* CSC's unrefuted affidavit shows that the summons and complaint were actually forwarded to Infiniti well before the time had run for responsive pleading. The relationship among CSC, Lexis-Nexis and Infiniti has nothing to do with the Trustee and the validity of his service of process. The Trustee served Infiniti's appointed agent on November 23, with the result being that the summons and complaint were forwarded to Infiniti on the same date. The problems apparently began when the summons and complaint came under the control of Infiniti's agent, Infiniti itself or its counsel, or perhaps some combination of all three.

      The court extended to Infiniti an opportunity to explain by affidavit why no action was taken on the summons and complaint in time to allow its counsel to make an appropriate response, which the record now clearly shows was properly delivered to its registered agent for service and timely forwarded to Infiniti. Unfortunately for Infiniti, the affidavit provided only served to continue the confusion which permeated this matter.

The affiant stated that Infiniti never received notice from its agent, **CSC**, a fact which is not supported by CSC's records and which is inconsistent with the argument of its counsel that CSC was *not* Infiniti's registered agent. What the court hoped to review was some process established by Infiniti demonstrating that, perhaps in this case, isolated human error or some other single unexplained failure in its system caused the delay in forwarding the process papers to Infiniti's counsel. Nothing of the kind was introduced, despite opportunity to do so, and Infiniti has therefore not demonstrated a lack of culpability for its default. Accordingly, Infiniti has not met its burden of showing excusable neglect as required by Rule 60(b) and its motion to set aside the default judgment against it cannot be granted.

An Order overruling the Motion to Set Aside Default Judgment will be entered separately.

Copies to:

James R. Westenhoefer, Esq.
Charles M. Friedman, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



Signed By:
*Joseph M. Scott*
**Bankruptcy Judge**
Dated: Thursday, May 11, 2006
(jms)